IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**POPE and KATHLEEN MOSELEY, as parents
and next friends of P.L. MOSELEY, a minor,
and for similarly situated students,**

      **Plaintiffs,**

vs.                                      **No. CIV 04-0103 RB/RLP**

**BOARD OF EDUCATION OF ALBUQUERQUE
PUBLIC SCHOOLS and PUBLIC EDUCATION
DEPARTMENT OF THE STATE OF NEW MEXICO,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiffs' (Moseleys') Motion to Alter or Amend Judgment for Public Education Department and Against the Class, or, in the Alternative, to Clarify Scope or Order Against the Class (Doc. 48), filed on September 7, 2004. Jurisdiction is founded upon 28 U.S.C § 1331. Having reviewed the submissions of the parties and the relevant law, I find that this motion should be denied in part and granted in part.

**I.  Standard.**

The Moseleys seek reconsideration of my Memorandum Opinion and Order of August 27, 2004 pursuant to FED. R. CIV. P. 59(e). Because the Memorandum Opinion and Order adjudicated fewer than all the claims and fewer than all the rights and liabilities of the parties, *see* FED. R. CIV. P. 54(b), I have discretion to revise it at any time prior to entry of final judgment. *Anderson v. Deere*

*& Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988).  Accordingly, I exercise my discretion to revisit my prior rulings in this matter.

**II. Discussion.**

The Moseleys argue that their Title II ADA and Section 504 claims against the New Mexico Public Education Department ("NMPED") should not have been dismissed as conclusory.  In the alternative, the Moseleys request leave to amend their complaint.  Both Title II and Section 504 require a plaintiff to allege facts showing that the defendants discriminated against the recipient on the basis of the recipient's disability.  *See* 42 U.S.C. § 12132; *Shotz v. Cates*, 256 F. 3d 1077, 1079 (11th Cir. 2001); *Powers v. MJB Acquisition Corp.*, 184 F. 3d 1147, 1151 (10th Cir. 1999); *Woodman v. Runyon*, 132 F. 3d 1330, 1337 (10th Cir. 1997).  Because the complaint contains no facts indicating that the NMPED excluded P.L. from services on the basis of disability, dismissal of the Title II and Section 504 claims as to NMPED was appropriate.

The Moseleys seek to remedy the deficient allegations through an amended complaint.  However, the Local Rules require that the proposed amended pleading accompany any motion to amend.  *See* D. N. M. LR. Civ. 15.1.  The Moseleys' request to amend the complaint does not comply with this rule.  The Title II and Section 504 allegations in the original complaint are insufficient to state a claim.  If the Moseleys wish to amend the complaint, they may file a properly supported motion to amend.

The Moseleys argue that exhaustion of their IDEA claims against the NMPED should have been excused.  Judicial review of an IDEA claim is generally permitted only after a claimant exhausts state administrative remedies.  *See* 20 U.S.C. § 1415(e)(2).  NMPED moved to dismiss the claims

against it for failure to exhaust administrative remedies. The Moseleys did not dispute that they failed to join NMPED in the administrative due process proceeding that they brought on behalf of P.L. against APS. They claimed that exhaustion against NMPED would be futile because NMPED refused to appoint a hearing officer to hear claims against NMPED in another, unrelated case.

I observed that NMPED regulations permit the filing of a formal complaint against the agency for failure to comply with the IDEA. *See* NMAC 6.31.2.13 H. In their motion to reconsider, the Moseleys claim that I erroneously relied on the state complaint procedure to hold that they failed to exhaust administrative remedies. The Moseleys have misinterpreted my reference to the formal state complaint procedure. Although I mentioned the formal state complaint process to acknowledge the availability of an administrative process, I did not rely on the formal state complaint procedure to conclude that the Moseleys failed to demonstrate that they were excused from exhausting administrative remedies against NMPED. Instead, I held that the fact that NMPED may have refused to appoint a hearing officer in another case did not satisfy the Moseleys' burden of showing that their claims against NMPED came within any of the exceptions to the exhaustion requirement.

The plaintiffs in an IDEA case have the burden of demonstrating the applicability of an exception to the exhaustion requirement. *Doe By and Through Brockhuis v. Arizona Dept. of Educ.*, 111 F. 3d 678, 681 (9th Cir. 1997); *Eads v. Unified Sch. Dist.*, 184 F. Supp. 2d 1122 (D. Kan. 2002). When a Rule 12(b)(1) motion challenges the substance of a complaint's jurisdictional allegations, the plaintiff must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *New Mexicans for Bill Richardson v. Gonzales*, 64 F. 3d 1495, 1499 (10th Cir. 1995).

In response to NMPED's Rule 12(b)(1) motion, the Moseleys presented a letter from

NMPED issued in an unrelated due process case. The letter was insufficient to demonstrate that exhaustion of administrative remedies against the NMPED was futile in this case. My decision that the Moseleys' IDEA claims against the NMPED should be dismissed for failure to exhaust administrative remedies should stand.

The Moseleys seek reconsideration of my ruling that the putative class members failed to exhaust administrative remedies. In response to NMPED's motion to dismiss, they argued that the putative class members were excused from exhaustion on the grounds of futility, inadequate relief, and allegations of systemic failure. For the same reasons that the Moseleys failed to exhaust administrative remedies with respect to NMPED, the putative class members failed to exhaust administrative remedies against NMPED.

In addition to concluding that the putative class members failed to exhaust administrative remedies with respect to NMPED, I sua sponte determined that the complaint failed to satisfy the prerequisites of FED. R. CIV. P. 23(a). The Moseleys contend that I erred in considering the Rule 23 factors sua sponte. They further seek clarification as to whether the reasoning applies to the class action claims against Albuquerque Public Schools ("APS").

Although APS did not move to dismiss the class action claims, I granted it leave to file a response brief in opposition to the motion to alter or amend. APS argues that the claims of the putative class members should be dismissed for failure to exhaust administrative remedies and that the complaint fails to sufficiently allege typicality and common questions of law or fact. In their reply, the Moseleys state that the due process hearing officer made findings of a systemic failure with respect to APS.

In raising the Rule 23 factors sua sponte, I cited to the prior version of Rule 23(c)(1), which

4

directed the court to determine whether to certify a class "as soon as practicable." FED. R. CIV. P. 23(c)(1), Advisory Committee Notes to 2003 Amendment. I acknowledge that, in 2003, the language of Rule 23(c)(1) was changed to state "at an early practicable time." Upon reconsideration, I find that my application of the Rule 23(a) factors was premature. Furthermore, the analysis was not intended to apply to the putative class claims against APS because that question was not before me. My ruling that the putative class members failed to exhaust administrative remedies as to the NMPED stands. There is no need to consider the Rule 23 factors with respect to NMPED because the putative class claims have not been exhausted as to NMPED. The Rule 23 factors will not be addressed at this time. The putative class action claims against APS remain pending.

**WHEREFORE,**

**IT IS ORDERED THAT** Plaintiffs' Motion to Alter or Amend Judgment for Public Education Department and Against the Class, or, in the Alternative, to Clarify Scope or Order Against the Class (Doc. 48), filed on September 7, 2004, is **DENIED IN PART AND GRANTED IN PART.**

**IT IS FURTHER ORDERED** that the portion of the August 27, 2004 memorandum opinion and order that dismissed the ADA and Rehabilitation Act claims for failure to state a claim stands. The Moseleys may file a properly supported motion to amend the complaint.

**IT IS FURTHER ORDERED** that the portion of the August 27, 2004 memorandum opinion and order that the Moseleys and the putative class members failed to demonstrate that they satisfied an exception to the IDEA exhaustion requirement as to NMPED stands.

**IT IS FURTHER ORDERED** that the portion of the August 27, 2004 memorandum opinion

5

and order that considered and applied the Rule 23 factors is set aside as premature.

**IT IS FURTHER ORDERED** that the putative class claims remain pending as to APS, but not as to NMPED.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**